IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AKMAL GANIEV,

    *Petitioner,*

  v.

JAMAL L. JAMISON, et al.,

    *Respondents.*

CIVIL ACTION

NO. 26-2230

## <u>ORDER</u>

**AND NOW**, this 8th day of April, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Ganiev is not subject to mandatory detention under 8 U.S.C.**

 **§ 1225(b)(2)**, and instead may be detained, if at all, pursuant to the

 discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1] Around August 29, 2022, Akmal Ganiev, a citizen of Uzbekistan, entered the United States "without inspection." (Pet. ¶¶ 2, 17, Dkt. No. 1.)  Soon after, CBP officials detained him under 8 U.S.C. § 1226, began removal proceedings against him, and released him on his own recognizance. (*Id.* ¶ 2.)  When Ganiev appeared for his scheduled immigration check-in on April 3, 2026, ICE officials arrested and transferred him to the Philadelphia Federal Detention Center.  (*Id.* ¶¶ 4, 39.) He is currently detained under 8 U.S.C. § 1225(b)(2) and has not received a bond hearing from an immigration judge.  (*Id.* ¶¶ 5–7, 17, 39.)

 Ganiev filed a federal *habeas* petition on April 7, 2026, alleging violations of the Immigration and Nationality Act and due process.  (*Id.* at 12–14.)  He seeks an order preventing the Government from transferring him outside the Eastern District, directing the Government to show cause, declaring his detention his unlawful, and immediately releasing him from detention.  (*Id.* at 14.)  The Government responds that Ganiev is lawfully detained under § 1225(b)(2). *See* (Gov't Resp. in Opp'n at 5–8, Dkt. No. 3).

 The Court disagrees with the Government for the reasons stated in *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (citing 282 out of 288 district court decisions rejecting the Government's position) and echoed in *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026) (citing 201 decisions in the Eastern District rejecting the Government's position). Ganiev was already in the United States—not "seeking admission" as § 1225(b) requires—when ICE agents detained him several days ago.  Because the Government detained him under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond

2.   **On or before April 15, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Ganiev with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.   Should the immigration judge deny bond, Ganiev may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at \*5.  Given that, the Court need not address his due process claim.